Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Katherine Christensen,<br><br>        Debtor.<br>_____<br>Katherine Christensen, Debtor;<br><br>        Plaintiff,<br><br> v.<br><br>Aurora Loan Services, LLC, its assignees and/or successors,<br><br>        Defendant.<br>_____ | Case No. 2:09-bk-21818-RTB<br><br>Adversary No. 2:09-ap-1358<br><br>Chapter 7<br><br>**ANSWER TO MOTION FOR COMMENCEMENT OF ADVERSARIAL PROCEEDING AND MOTION TO DISMISS ADVERSARIAL PROCEEDING** |

    Aurora Loan Services, LLC ("Defendant"), by and through undersigned counsel, hereby responds to Katherine Christensen's ("Debtor/Plaintiff"), Motion for Commencement of Adversarial Proceeding and submits its Motion to Dismiss Adversarial Proceeding pursuant to Rule 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

File No. AZ09-47019     1     Case No. 2:09-bk-21818-RTB
Response to Motion for Contempt
Case 2:09-ap-01358-RTB    Doc 13    Filed 01/05/10    Entered 01/05/10 02:24:13    Desc
Main Document     Page 1 of 6

# ANSWER TO MOTION FOR COMMENCEMENT OF ADVERSARIAL PROCEEDING

For its Answer to Plaintiff's Motion for Commencement of Adversarial Proceeding Defendant states and alleges as follows:

1. Defendant denies all allegations contained in Plaintiff's Complaint List of Violations under which Damages are sought pages one (1) and two (2).

2. Plaintiff has failed to comply with the Rule 10(b) of the Federal Rules of Civil Procedure, specifically, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Further, Plaintiff has failed to allege a factual basis to support any of the numerous alleged violations contained in her Complaint.

# MOTION TO DISMISS PLAINTIFF'S ADVERSARIAL PROCEEDING

Defendant respectfully submits its Motion to Dismiss Plaintiff's Adversarial Proceeding pursuant to Rule 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to show that this Court has jurisdiction to hear this matter. The Bankruptcy Court is part of the Federal Court system and therefore, a Court of limited jurisdiction. Before a federal court can hear a case, or "exercise its jurisdiction," certain conditions must be met.

First, under the Constitution, federal courts exercise only "judicial" powers. Federal judges may interpret the law only through the resolution of actual legal disputes, referred to in Article III of the Constitution as "Cases or Controversies." A court cannot attempt to correct a problem on its own initiative, or to answer a hypothetical legal question. Second, assuming there is an actual case or controversy, the plaintiff in a federal lawsuit also must have legal "standing" to ask the court for a decision. The plaintiff must have been aggrieved, or legally harmed in some way, by the defendant. Third, the case must present a category of dispute that the law in question was designed to address, and it must be a complaint that the court has the power to remedy. In other words, the court must be authorized, under the Constitution or a federal law, to hear the case and grant appropriate relief to the plaintiff. Finally, the case cannot be "moot," that is, it must present an ongoing problem for the court to resolve. The federal

1 courts, thus, are courts of "limited" jurisdiction because they may only decide certain types of
2 cases as provided by Congress or as identified in the Constitution.

3 Plaintiff in her Complaint has failed to provide a factual basis to support any of the
4 allegations contained in her Complaint to support the proposition that a true case and
5 controversy exists or establish her standing to bring this action. Further, Plaintiff has failed to
6 demonstrate that this Court has subject matter jurisdiction to hear any of the allegations
7 contained in this Complaint as core proceedings under 28 U.S.C. §157(b)(2) or as a non-core
8 proceeding under 28 U.S.C. §157(c). Therefore, Plaintiff's complaint should be dismissed for
9 lack of subject matter jurisdiction.

10 Plaintiff has failed to properly serve Defendant or file an appropriate Affidavit of
11 Service with this Court. Defendant only learned of this adversary proceeding when the parties
12 were in front of this Court for a Preliminary Hearing on a Motion for Relief from Stay.
13 Therefore, Plaintiff's Complaint should be dismissed for insufficiency of service of process
14 under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

15 Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6)
16 of the Federal Rules of Civil Procedure. Plaintiff in her Adversary Complaint states many
17 different sources of legal authority. However, she does not allege any facts to support her claim
18 for damages under each source of authority or any legal analysis or theory to demonstrate how
19 the cited authority creates a case or controversy or has allegedly been violated by Defendant to
20 damage Plaintiff.

21 Further, Plaintiff's Complaint does not even state the specific relief that she is requesting
22 expect that she is requesting extensive disclosure of documents and discovery without making a
23 proper request for production of documents under Rule 34 of the Federal Rules of Civil
24 Procedure.

25 In addition, Plaintiff has failed to comply with the standards set under Rule 11(b)(2)
26 (1)(2) and (3)of the Federal Rules of Civil Procedure to demonstrate this Complaint "is not
27 being presented for any improper purpose, such as to harass, cause unnecessary delay, or
28 needlessly increase the cost of litigation…claims, defenses, and other legal contentions are
29 warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

1  existing law or for establishing new law…factual contentions have evidentiary support or, if
2  specifically so identified, will likely have evidentiary support after a reasonable opportunity for
3  further investigation or discovery."

The "[s]tandard of inquiry for determining whether pleading is well grounded in fact for Rule 11 purposes is 'reasonableness under the circumstances'; court should not indulge in hindsight but should test signor's conduct by inquiring what was reasonable to believe at time pleading was submitted." *Hillsborough County v. A & E Road Oiling Service, Inc*., 160 F.R.D. 655 (M.D.Fla.1995). Further, "[f]actual allegations fail to satisfy the requirement of Rule 11 that factual contentions must have evidentiary support, or will likely have evidentiary support after a reasonable opportunity for further investigation, when they are unsupported by any information obtained prior to filing." *Western Maryland Wireless Connection v. Zini*, 601 F.Supp.2d 634 (D.Md.2009).

Here, Plaintiff has failed to even allege a factual basis for the alleged violations of the numerous legal authorities cited let alone submit evidentiary support or even explain how each of the legal authorities cited has allegedly been violated. Plaintiff's complaint is so devoid of factual and legal foundation that it must be considered frivolous and unreasonable. The judicial process may not used as a blind fishing expedition in the hope of finding a valid and sustainable legal theory. Consequently, Plaintiff's Adversary Proceeding must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure.

In conclusion, the Plaintiff's Complaint does not show a basis for subject matter jurisdiction, proper service was not accomplished, and no claim has been stated upon which relief can be granted. Therefore, this Court must dismiss this Adversary Proceeding.

WHEREFORE, Movant prays for judgment as follows:

1. For an Order dismissing Plaintiff's Adversary Proceeding in full;
2. For an Order granting Defendant attorney's fees and costs;
3. For such other relief as the Court deems proper.

1  DATED: January 5, 2010

2  **McCarthy ◆ Holthus ◆ Levine**

   By: /s/ Matthew A Silverman
   Matthew A Silverman, Esq.
   3636 North Central Avenue
   Suite 1050
   Phoenix, AZ 85012
   Attorneys for Movant

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

# CERTIFICATE OF SERVICE

On 1/5/2010, I served the foregoing documents described as **RESPONSE TO MOTION FOR CITATION FOR CONTEMPT OF COURT** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

COUNSEL FOR DEBTOR
Katherine Christensen
Pro Se

DEBTOR
Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, AZ 85233

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Warb Wilcox