Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

FILED
2010 JAN -4 PM 2:10
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Katherine Christensen, In Person ) <br> Plaintiff, ) <br> Vs. ) <br> AURORA LOAN SERVICES LLC, ) <br> Mr. John Skoba d/b/a CFO AURORA ) <br> LOAN SERVICES LLC, MCCARTHY ) <br> HOLTHUS LEVINE LLP, PAUL M. ) <br> LEVINE, MATTHEW A. SILVERMAN, ) <br> JESSICA R. KENNY, PERRY & ) <br> SHAPIRO LLP, CHRISTOPHER R. ) <br> PERRY, JASON P. SHERMAN, QUALITY ) <br> LOAN SERVICE CORP. a California ) <br> corporation, JIM MONTES d/b/a/ Vice ) <br> President QUALITY LOAN SERVICE ) <br> CORP. a California corporation, ) <br> MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS INC., JIM ) <br> MONTES d/b/a/ Vice President ) <br> MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS INC., ) <br> GREEN RIVER CAPITAL, ) <br> COUNTRYWIDE, NORTH AMERICAN ) <br> TITLE AGENCY OF ARIZONA C/O ) <br> NORTH AMERICAN TITLE ) <br> INSURANCE CO., MARICOPA COUNTY ) <br> SHERIFF OFFICE, CHRIS ) <br> MCBREARTY, CHARTER FUNDING, ) <br> FIRST MAGNUS FINANCIAL, ) <br> MERENDON MINING, INSTITUTE FOR ) <br> FINANCIAL LEARNING, JOHN DOES ) <br> And JANE DOES 1-100, ABC ) <br> CORPORATIONS 1-100, and XYZ ) <br> PARTNERSHIPS 1-100, ) <br> ) <br> Defendants, ) | Case No.: 09-21818-RTB <br> Adversarial Case No. 09-ap-01358-RTB <br><br> CHAPTER 7 <br><br> MOTION TO TAKE JUDICIAL NOTICE <br> OF RECENT COURT CASES AND <br> PUBLIC RECORDS <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Assigned to: Hon. Redfield T. Baum |

COMES NOW Katherine Christensen, Plaintiff respectfully submitting this Motion to Take Judicial Notice of recent court cases and of Public Records pursuant to Arizona Rule of Evidence 201. Arizona Rule of Evidence 201(d) states, in relevant part:

> *"When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information."*

Rule of Evidence 901(a) Requirement of Authentication or Identification states in relevant part:

> *"(7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."*

Rule of Evidence 902 Self-Authentication states, in relevant part:

> *Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:*
> *(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State,*

## STATEMENT OF FACTS

1. In support of Plaintiff's Motions for; Defendants to Show Cause for Standing; and for Temporary Restraining Order and Injunctive Relief; and for Declaratory Judgment, all documents were sent to Defendants its successors and/or assigns from January 2009 through June 2009 and were made part of the Public Record from May 2009 through June 2009.

2. Pursuant to the Rules of Evidence listed above, these Public Documents rise to the standard of being prima facie evidence.

3. These Public Records prove that:

    a) Aurora Loan Services LLC has never responded to any of Plaintiff's lawful Qualified Written Requests for proof of standing

    b) Plaintiff lawfully cancelled the contract through her right of rescission.

    c) Aurora Loan Services LLC has no standing to bring forth the foreclosure action

d) This court erred when it dismissed this prima facie evidence in Case CV2009-016715

4. Also in support of all the motions mentioned in point #1 above, please find in Exhibit A (see attached) a listing of recent case law specific and relevant to this case. Fraud vitiates contracts ab initio. Plaintiff can prove to this Court that Defendants acted fraudulently. Once the facts are before this court, everything Defendants did and are attempting to do is void and must be struck. Plaintiff simply asks that she be protected under the protection of this honorable court until the outcome of an evidentiary hearing. The Court in the interests of justice and Public Policy, must weigh the evidence.

5. As proved in Exhibit B, courts across this country are now ruling against the shocking dishonesty perpetrated on homeowners and are granting homeowners their day in court to present the facts. Courts across the country are ruling in favor of homeowners as they determine the egregious and fraudulent manner that financial institutions have operated in the last few years.

6. This case is ready for this Court to adjudicate; Defendants had no standing and wrongly foreclosed on Plaintiff's Residence. The Residence property needs to be restored to the Plaintiff with prejudice, with title free and clear of all encumbrances. As this action appears to be a case of first impression in Arizona the attached case law from other jurisdictions is included only as a reference for the Court to see how other courts are dealing with the open, notorious and naked abuse of power that these banks and their co-conspirators, their law firms have perpetrated upon homeowners over these last few years. Defendants have committed fraud, including but not limited to securities fraud, mortgage fraud and mail fraud, conversion, civil theft and have violated numerous other state and federal statutes to unjustly enrich

themselves as they disregarded lawful evidence and knowingly with intention to deceive, improperly, underhandedly without standing wrongfully commenced foreclosure proceedings. Judicial history will look back with a despairing eye on those who participated in this economic collapse and will surely honor the descendents of those who upheld the standard of justice.

**WHEREFORE** Plaintiff prays for Judgment as follows, that the Court:

1. Take Judicial Notice of other state and federal court decisions.

2. Void the previous judgments rendered in Cases CV2009-016715 and CV 2009-013190.

3. Enjoin the Defendants and consider referring Defendants to the Attorney General for criminal investigation and prosecution.

3. Grant Plaintiff's Temporary Restraining Order against all Defendants

4. Grant Preliminary and Permanent Injunctive Relief

5. Set a date for an Evidentiary Hearing.

RESPECTFULLY SUBMITTED this 4th Day of January 2010.

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

# EXHIBIT B

## SUPPORTING CASE LAW FROM OTHER JURISDICTIONS
## IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

**Source:** http://www.mortgagestudy.org/ by Prof. Katherine Porter, Iowa College of Law
Tara Twomey, Esq.

**Rulings on sloppy paperwork filed by foreclosing agents:**

In a recent article in The National Law Journal, Brooklyn Supreme Court Justice, the Honorable Arthur M. Schack, in connection with his approach to the apparent sloppy paperwork being filed by foreclosing lenders and their attorneys was quoted as follows:
*"I deny more foreclosures than I approve, "[...]". "I want to see the servicing agent's power of attorney, I want to see all the paperwork before I approve it. If the paperwork is garbage, I deny it. If you're going to take away someone's home, it should be done properly."* Judge Schack has tossed more than 32 cases so far, and that is undoubtedly the tip of an iceberg.\

**Rulings on failure to prove standing:**

<u>IN RE FORECLOSURE CASES No. 1:07:CV2282, 07:CV2532, 07:CV2560, 07:CV2602, 07:CV2631, 07:CV2638, 07:CV2681, 07:CV2695, 07:CV2920, 07:CV2930, 07:CV2949, 07:CV2950, 07:CV3000, 07:CV3029</u> Judge Christopher S. Boyko stated, *"The 'real party in interest' rule, to which the Plaintiff-Lenders continually refer in their responses or motions, is clearly comprehended by the Court and is not intended to assist banks in avoiding traditional federal diversity requirements. Unlike Ohio State law and procedure, as Plaintiff's perceive it, the federal judicial system need not, and will not, be 'forgiving in this regard.'"* Judge Boyko then dismissed the suits by Deutsche Bank for failing to prove standing and ownership of the mortgage.

In <u>Aurora Loan Services v Donald MacPherson</u>, Judge Joseph Farneti stated, *"In order to prove standing, plaintiff (Aurora Loan Services) must demonstrate that it was the owner of the note and mortgage at the time it commenced this foreclosure action (see e.g. **Fannie Mae v Youkelsone**, 303 AD2d 546 [2003]). On this record, plaintiff failed to prove its standing with competent evidence to be entitled to the relief demanded in the complaint (see **Wells Fargo Bank Minn. v Mastropaolo**, 42 AD3d [2007]; **TPZ Corp. v Dabbs**, 25 AD3d 787 [2006]; **Fannie Mae v Youkelsone**, 303 AD2d 546, supra; **Aurora Loan Servs. v Grant**, 17 Misc 3d*

*1102[A] [Sup Ct, Kings County 2007]). Accordingly, defendant's motion to dismiss the complaint is **GRANTED** upon the ground that plaintiff lacks standing to maintain this action."*

<u>In RE Joshua & Stephanie Mitchell</u> Judge Linda B. Riegle stated, *"MERS must have both constitutional and prudential standing, and be the real party in interest under FED.R.Civ.P. 17, in order to be entitled to lift-stay relief."* A footnote states, "Stay-relief requests are governed by FED.R.BANKR.P.4001(a)(1), to which FED.R.BANKR.P. 9014 is applicable ("[a]n action must be prosecuted in the name of the real party in interest.")" Judge Riegle concluded, *"MERS may not enforce the notes as the alleged beneficiary. While MERS may have standing to prosecute the motion in the name of its Member as a nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder. Indeed, the evidence is to the contrary, the note has been sold, and the named nominee no longer has any interest in the note."*

<u>In re Kang Jin Hwang, 396 BR 757 - Bankruptcy Court, CD California 2008</u> After trial on the motion for relief from stay, and several rounds of briefing, the question remains: to whom is the debt owed (i.e., who owns the promissory note)? See <u>In re Gavin, 319 **B.R.** 27, 31 (1st Cir. BAP 2004)</u> (same). The court denies the motion on two procedural grounds: Indy-Mac Federal is not the real party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure, and the joinder of the owner of the note is required by Rule 19. Because IndyMac has failed and refused to join the owner of the secured note, the motion for relief from stay is denied.

The U.S. Supreme Court has stated the standing requirement as follows: *"To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling."* <u>Davis v. Fed. Election Comm'n, ___ U.S. ___, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (**2008**).</u>

<u>In **SOFTWARE RIGHTS ARCHIVE, LLC v. Inc., Dist. Court, ED Texas, Marshall Div. 2009**</u>

Id. Judge George Everingham IV stated, *"The burden of demonstrating standing falls to [the plaintiff], as'[i]t is well established... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.'"* and 69 similar citations

Supporting Case Law
2 of 6 pages
Case 2:09-ap-01358-RTB    Doc 18    Filed 01/04/10    Entered 01/05/10 19:21:13    Desc
Main Document    Page 6 of 10
01/05/2010

- ***In re Diet Drugs Products Liability Litigation, 2004***

- Judge Fuentes, Circuit Judge stated, *"The Court held that the parties had no standing to bring such a claim because they failed to allege harm that is "actual or imminent, not `conjectural' or `hypothetical.'"* PTO 2778 and 33 similar citations

**Courts amending their opinion:**

For example in California *In re: 396 B.R. 757 (Bankr. CD. Cal. 2008)* Judge Bufford quoted, *"Judge Learned Hand, perhaps the most distinguished U.S. jurist who never sat on the U.S. Supreme Court. Judge Hand stated: "A judge is more than a moderator, he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert." United States V. Marzano, 149 F.2d 923. 925 (2d Cir. 1945).* Judge Bufford concluded, *"the court finds upon reconsideration that IndyMac is entitled to enforce the secured note here at issue. However, it must satisfy the procedural requirements of federal law in seeking relief from the automatic stay for this purpose. These requirements include joining the owner of the note on two separate grounds: it is the real party in interest under Rule 17, and it is a required party under Rule 19. Because IndyMac has failed and refused to join the owner of the secured note, the motion for relief from stay is denied."*

**Courts imposing sanctions on counsel who represent those with no standing:**

The Courts are now recognizing the unethical disregard for the law by the attorneys representing those with no standing. For example ***IN RE LEE, Bankruptcy Court, CD California***, Mr. Holthus attorney from McCarthy Holthus Levine, whose firm is also prosecuting Plaintiff's case, was found to not be compliant with Rule 9011(b) which imposes a duty on an attorney to make a reasonable inquiry into the facts and law of a position before presenting it to the court. Judge Bufford stated, *"Even if Counsel may be excused for not discovering the discrepancy, Counsel had a duty, upon discovering the difference in the original note, to bring this to the court's attention at the first opportunity. Counsel could have brought this to the court's attention at the beginning of the trial, before testimony was taken. Counsel did not. Instead Counsel left it to the court to discover that the copy differed from the original in a relevant aspect. Counsel should have known of the discrepancy and should have disclosed it."* Mr. Holthus then requested that the court impose sanctions on him not on the client.

## Bankruptcy Trustees speaking up against those with no standing:

<u>IN RE SHERIDAN, Bankruptcy Court, D Idaho 2009</u>, the trustee in this Chapter 7 case Ford Elsaesser, objects to a motion under § 362(d) for relief from the § 362(a) automatic stay Judge Terry L. Myers agreed with the Trustee concluding, *"When Trustee challenged the Motion's bare assertions, Movant failed to provide an adequate record showing it was a party in interest with standing entitled to seek such relief. On the record presented, the Court finds and concludes Trustee's objection is well taken. That objection will be sustained. The Motion will be denied."*

In <u>Nosek v. Ameriquest Mortgage Company, et al.</u>, *(In re Nosek)*, 386 B.R. 374 (Bankr. D. Mass. 2008) (imposing monetary sanctions on Ameriquest, Wells Fargo, and several attorneys for misrepresenting the holder of the note).

### In re Nosek, 386 BR 374 - Bankruptcy Court, D. Massachusetts 2008

Norwest/Wells Fargo seeks to hide behind the Pooling and Servicing Agreement. Its position is that it turned all responsibilities over to **Ameriquest** and it knew nothing about what **Ameriquest** was doing. The Court notes, however, that it knew nothing about what **Ameriquest** was doing because it chose not to know. It has attempted to bifurcate the benefits of the note, namely its right to receive repayment of the loan, from all responsibilities associated with servicing and collecting payments. If Norwest/Wells Fargo wishes to engage servicers, as it is certainly free to do, it cannot turn a blind eye to the actions of the servicers. Had Norwest/Wells Fargo shown even a modicum of oversight or review of **Ameriquest's** behavior, it should have been able to correct the misrepresentations. The Court does not accept that one can simply by contract sever the benefits and burdens associated with residential **mortgage** lending. The Court joins in the frustration expressed by the courts in *In re Schuessler* and <u>*In re Parsley*, 2008 WL 622859 at * 19 (Bankr.S.D.Tex.2008)</u> ("Tracing the steps leading up to the filing of the Motion shows that this is an assembly line process."). The link between lender and borrower in the current residential **mortgage** industry is a multilayered, tightly-if not hopelessly-entangled "assembly line," the purpose of which seems to be the avoidance of responsibility. <u>*In re Schuessler*, 2008 WL 1747935</u>at *25 ("Notwithstanding Chase Home Finance's [the apparent servicer] disingenuous claim that its system is designed to protect debtors, it primarily exists to protect Chase Home Finance and JPMorgan Chase Bank [the apparent noteholder and mortgagee]."). Under the guise of creating a complex structure to suit their needs, Wells Fargo and **Ameriquest** have attempted to jettison the obligation to be forthright and diligent with the Court and the Debtor. This Court will not allow Wells Fargo or any other mortgagee to shirk responsibility by pointing fingers at their servicers. Moreover

because Wells Fargo continues as a participant in the **mortgage** industry, the Court is cognizant that the sanction must be sufficient to deter its cavalier behavior in the future. Therefore the Court will impose a sanction of $250,000 on Wells Fargo

*In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS lacked standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure).
Further info from the case on googlescholar:

MERS must have both constitutional and prudential standing,[14] and be the real party in interest under FED. R. CIV. P. 17,[15] in order to be entitled to lift-stay relief.

Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State,* 454 U.S. 464, 472 (1982)(citations and internal quotations omitted). MERS must have both constitutional and prudential standing,[14] and be the real party in interest under FED. R. CIV. P. 17,[15] in order to be entitled to lift-stay relief.
Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State,* 454 U.S. 464, 472 (1982)(citations and internal quotations omitted).

*In re Hayes,* 393 B.R. 259 (Bankr. D. Mass. 2008) (denying motion for relief from stay when mortgagee failed to show proper chain of title from loan originator).

Further info from googlescholar:

As the Court noted in *In re Maisel,* 378 **B.R.** 19, 21 (Bankr.D.Mass.2007), "[t]he plain language of section 362 of the Bankruptcy Code requires that one be a `party in interest' to seek relief from stay."
n *In re Schwartz,* 366 **B.R.** 265 (Bankr. D.Mass.2007), the court observed:
[I]t is not uncommon for notes and mortgages to be assigned, often more than once. When the role of a servicing agent acting on behalf of a mortgagee is thrown into the mix, it is no wonder that it is often difficult for unsophisticated borrowers to be certain of the identity of their lenders and mortgagees.
As the court noted in *In re Nosek,* 386 **B.R.** 374, 380 (Bankr.D.Mass.2008), "those parties who do not hold the note or mortgage and who do not service the

mortgage do not have standing to pursue motions for relief or other actions arising from the mortgage obligation." *Id.* at 380 (citing *In re* Schwartz, 366 **B.R.** at 270). Because Deutsche Bank has failed to establish its standing to seek relief from the automatic stay and to defend the Debtor's Objection to the proof of claim filed by AMC, the Court shall enter an order denying Deutsche Bank's Motion for Relief from Stay. The Court shall also enter an order sustaining the Debtor's Objection to the proof of claim without prejudice to reconsideration under 11 U.S.C. § 502(j) upon the filing of an amended proof of claim by the proper party. *See also* Fed. R. Bankr.P. 3008. The Court shall defer issues relating to lien avoidance pending submission of an amended claim or the filing of an amended plan.[9]

Respectfully submitted by Katherine Christensen, Plaintiff, Pro Se in Support of Motion to Take Judicial Notice.

*Katherine Christensen*
Katherine Christensen, Pro Se