Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Katherine Christensen,<br><br>        Debtor.<br>_____<br>Katherine Christensen, Debtor;<br><br>        Plaintiff,<br><br> v.<br><br>Aurora Loan Services, LLC, its assignees and/or successors,<br><br>        Defendant.<br>_____ | Case No. 2:09-bk-21818-RTB<br><br>Adversary No. 2:09-ap-01358<br><br>Chapter 7<br><br>**MOTION TO DISMISS ADVERSARIAL PROCEEDING AND MOTION TO VACATE HEARINGS SET FOR FEBRUARY 11, 2010** |

    Aurora Loan Services, LLC ("Aurora"), by and through undersigned counsel, submits its Motion to Dismiss Adversarial Proceeding pursuant to Rule 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure and Motion to Vacate the hearings set for February 11, 2010 at 10:00 a.m. in this Court. These Motions are supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

# MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

After complying with all requirements per Arizona Statute on or about May 7, 2009 the property generally described as 1134 West Grand Caymen Drive, Gilbert, AZ 85233 ("Property" herein) was sold at a Public Auction. On or about June 16, 2009, Aurora was granted Judgment in the Superior Court Summary action for Forcible Entry and Detainer cause number CV2009-016715. The writ of restitution was to issue on or after June 22, 2009.

On June 29, 2009, Katherine Christensen, ("Debtor/Plaintiff"), filed a Civil Complaint alleging the same case and controversy as is pending in this Adversary proceeding.

On July 24, 2009, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Case number 2:09-bk-17322-EWH. On August 26, 2009, that bankruptcy case was dismissed.

On September 4, 2009, Debtor filed the current bankruptcy case number 2:09-bk-21818-RTB. On or about October 19, 2009, Aurora filed their Motion for Relief from Stay Unlawful Detainer. The attorneys of record listed for Aurora in this Motion were Matthew A. Silverman, Esq. and Jessica R. Kenney, Esq. of the firm of McCarthy Holthus Levine. This Court held a Preliminary Hearing on Aurora's Motion for Relief on December 16, 2009. At the hearing this Court heard argument from Counsel for Aurora, Jessica R. Kenney, Esq. and Debtor. The Court granted Aurora's Motion for Relief from the Automatic Stay.

On January 4, 2010, this Court signed an Order granting Defendant's Motion for Relief from the Automatic Stay. The Order signed by this Court did not expressly vacate the 14 day stay provided by 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; therefore, the automatic stay lifted as to the property on January 18, 2010.

On December 31, 2009, Plaintiff filed a third civil complaint alleging the same case and controversy in Maricopa County Superior Court, case number CV2009-094179. To date Plaintiff has failed to comply with the requirements of Rule 65 of the Arizona Rules of Civil Procedure and no Temporary Restraining Order has been issued.

On or about January 20, 2010, Aurora through their counsel undersigned filed a Writ of Restitution in the Maricopa County Superior Court regarding the subject property.

**MOTION TO DISMISS PLAINTIFF'S ADVERSARIAL PROCEEDING**

Aurora respectfully submits its Motion to Dismiss Plaintiff's Adversarial Proceeding pursuant to Rule 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure.

### I. **Plaintiff has failed to allege a basis for subject matter jurisdiction.**

Plaintiff has failed to state a basis for federal subject matter jurisdiction. Pursuant to Rule 7008(a) of the Federal Rules of Bankruptcy Procedure,

> Rule 8 F.R.Civ.P. applies in adversary proceedings. The allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code is pending. In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.

Plaintiff in her Supplemental Complaint has failed to comply with this rule and has alleged no factual or legal basis to support the jurisdiction of the Bankruptcy Court. In fact, the statutory reference Plaintiff cites in her Complaint regarding Jurisdiction is from the Arizona Revised Statutes.

Here, the Automatic Stay has been lifted by Order of this Court. This is a Chapter 7 bankruptcy where the Trustee has taken no interest in administering this property. Further, the property was never properly part of the Bankruptcy Estate as it was sold to Aurora almost four months prior to the bankruptcy being filed. This matter is two party dispute, involving issues of state law, which should be litigated in Maricopa County Superior Court. In this case, Plaintiff already has two open cases involving the same case and controversy, CV2009-092092 and CV2009-094179, where her numerous allegations against the various defendants can properly be litigated.

The Bankruptcy Estate has no interest in the property at issue and therefore, the Bankruptcy Court has no jurisdiction. The Complaint should be dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.

## II. Plaintiff has failed to properly serve Aurora.

Plaintiff has failed to properly serve Aurora pursuant to Rule 4[1] of the Federal Rules of Civil Procedure or file an appropriate Affidavit of Service with this Court. McCarthy Holthus Levine is not the statutory agent for Aurora. Aurora's statutory agent in Arizona is Corporation Service Company. Plaintiff did not seek or receive an acceptance of service from McCarthy Holthus Levine on behalf of Aurora. Aurora only learned of this adversary proceeding when the parties were in front of this Court for a Preliminary Hearing on a Motion for Relief from Stay. Therefore, Plaintiff's Complaint should be dismissed for insufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## III. Motion to vacate hearings scheduled for February 11, 2010.

The Bankruptcy Estate has no interest in the property that is the subject of this adversary proceeding. The Plaintiff has failed to state a basis for subject matter jurisdiction or properly service the Defendants. Plaintiff's Complaint should be dismissed in its entirety and all the

---

[1] Rule 4 (e) of the Federal Rules of Civil Procedure states as follows:

**Serving an Individual Within a Judicial District of the United States**

**Unless** federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(h) of the Federal Rules of Civil Procedure states as follows:

**(h) Serving a Corporation, Partnership, or Association.**
Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:(1) in a judicial district of the United States:(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

1 various motions filed under the Adversary case number should be denied. Consequently, the
2 Hearings scheduled for February 11, 2010 should be vacated.

**CONCLUSION**

Plaintiff's Complaint does not allege a basis for this Court's subject matter jurisdiction and proper service was not accomplished. Therefore, this Court must dismiss this Adversary Proceeding in full and deny the numerous Motions filed by Plaintiff under the Adversary case number.

DATED: January 19, 2010

**McCarthy ♦ Holthus ♦ Levine**

By: /s/ Matthew A Silverman
Matthew A Silverman, Esq.
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

# CERTIFICATE OF SERVICE

On 1/19/2010, I served the foregoing documents described as **MOTION TO DISMISS SUPPLEMENTAL COMPLAINT AND VACATE HEARINGS** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

COUNSEL FOR DEBTOR
Katherine Christensen
Pro Se

DEBTOR
Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, AZ 85233

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Warb Wilcox

| | |
|---|---|
| 1 | |
| 2 | |
| ... | |
| 29 | |

File No. AZ09-47019       1       Case No. 2:09-bk-21818-RTB
Notice of Filing UD Motion