

```
 1  Katherine Christensen                         FILED
 2  1134 West Grand Caymen Drive                2010 JAN 25 PM 12:48
    Gilbert, Arizona 85233
 3  Tel: (480) 813-3885                              CLERK
    Pro Se                                       U.S. BANKRUPTCY
 4                                               DISTRICT OF ARIZONA
                    UNITED STATES BANKRUPTCY COURT
 5                  DISTRICT OF ARIZONA, PHOENIX DIVISION
```

| | |
|---|---|
| Katherine Christensen, In Person ) | Case #09-21818-RTB |
|     Plaintiff, ) | |
|     Vs. ) | Adversarial Case #09-01358-RTB |
| AURORA LOAN SERVICES LLC, ) | |
| Mr. John Skoba d/b/a CFO AURORA ) | CHAPTER 7 |
| LOAN SERVICES LLC, MCCARTHY ) | |
| HOLTHUS LEVINE LLP, PAUL M. ) | OBJECTION TO DEFENDANT'S |
| LEVINE, MATTHEW A. SILVERMAN, ) | RESPONSE TO MOTION FOR |
| JESSICA R. KENNY, PERRY & ) | TEMPORARY RESTRAINING ORDER |
| SHAPIRO LLP, CHRISTOPHER R. ) | TO HALT EVICTION AND REQUEST |
| PERRY, JASON P. SHERMAN, QUALITY ) | FOR PERMANENT INJUNCTION; |
| LOAN SERVICE CORP. a California ) | |
| corporation, JIM MONTES d/b/a/ Vice ) | MOTION FOR TEMPORARY |
| President QUALITY LOAN SERVICE ) | RESTRAINING ORDER; |
| CORP. a California corporation, ) | |
| MORTGAGE ELECTRONIC ) | MOTION FOR ORDER SETTING DATE |
| REGISTRATION SYSTEMS INC., JIM ) | FOR ADVERSARIAL HEARING. |
| MONTES d/b/a/ Vice President ) | |
| MORTGAGE ELECTRONIC ) | <u>EMERGENCY APPLICATION</u> |
| REGISTRATION SYSTEMS INC., ) | |
| GREEN RIVER CAPITAL, ) | |
| COUNTRYWIDE, NORTH AMERICAN ) | |
| TITLE AGENCY OF ARIZONA C/O ) | |
| NORTH AMERICAN TITLE ) | |
| INSURANCE CO., MARICOPA COUNTY ) | |
| SHERIFF OFFICE, CHRIS ) | |
| MCBREARTY, CHARTER FUNDING, ) | |
| FIRST MAGNUS FINANCIAL, ) | |
| MERENDON MINING, INSTITUTE FOR ) | |
| FINANCIAL LEARNING, JOHN DOES ) | |
| And JANE DOES 1-100, ABC ) | |
| CORPORATIONS 1-100, and XYZ ) | |
| PARTNERSHIPS 1-100, ) | |
| ) | |
|     Defendants, ) | Assigned to: Hon. Redfield T. Baum |

COMES NOW Katherine Christensen "Plaintiff" who submits this **OBJECTION TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER TO HALT EVICTION AND REQUEST FOR PERMANENT INJUNCTION; MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR ORDER SETTING DATE FOR ADVERSARIAL HEARING TO THE HONORABLE REDFIELD T. BAUM UNITED STATES BANKRUPTCY JUDGE:**

1. Plaintiff moves the Court for an entry of an Order ("Order") for Temporary Restraining Order and Plaintiff moves the Court to Schedule a date for an Adversarial Hearing for Case #09-01358.

## JURISDICTION AND VENUE

2. The Supreme Court held in ***Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 US 50 - Supreme Court 1982*** that;

> *"The judges of the **bankruptcy** courts are vested with all of the 'powers of a court of equity, law, and admiralty,' except that they 'may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment.'"*
> *ID 458 US 50, 55 (1982)*

3. This Motion is a dead center core proceeding because Defendants had/have no legal standing to begin foreclosure action. Defendants have been asked repeatedly through lawful Qualified Written Requests to prove their standing. They have ignored every request and wrongfully, illegally foreclosed, and, with an insider transaction fraudulently conveyed the title. This is why we are in court. To offer them another opportunity to bring forth their evidence of their proof of standing.

## STATEMENT OF FACTS

4. Plaintiff apologizes to the Court for this unnecessary production of paperwork. Each of the issues brought up (again) by Council for Defendants has been addressed in the substantial paperwork filed into the record of this case. However, Plaintiff will provide a brief outline below and reminds the attorneys that the court docket is available anytime.

5. Defendants through Council state that the "subject property was never part of the Bankruptcy Estate as it was sold to Aurora Loan Services LLC almost four months prior to the Bankruptcy being filed." See line 6 and 7 on page 2 docket item #81. Aurora Loan Services LLC sold and bought subject property to and from themselves using Quality Loan Service Corporation a company operated by the same lawyers they are using to prosecute this case. Then they illegally recorded a fraudulently conveyed title into the public record. This is a canard of the highest order as the property transfer was merely a fraudulent transfer, done without any consideration, to an insider. All these elements constitute the classic elements of a fraudulent transfer under Arizona Law.

6. Plaintiff restates and declares she is the Trustor on the alleged mortgage documents and the following documents were recorded into Public Record and mailed by certified mail to Defendants demanding production BEFORE they wrongfully, improperly, illegally and without standing, held a trustee sale. See docket item #50 bankruptcy case #09-21818 for a copy of these documents and others filed after the fraudulent conveyance of Plaintiff's home:

- Request for Debt Validation
- Notice of Fault and Opportunity to Cure and Perform in re Request for Debt Validation
- Affidavit Notice of Dishonor
- Affidavit of Notice of Default
- Notary Certificate of Dishonor and Non-Response
- Qualified Written Request
- Revocation of Power of Attorney

OBJECTION-MOTION FOR TRO-SETTING DATE FOR HEARING-ALS-BK   Page 3 of 7
Case 2:09-ap-01358-RTB   Doc 53   Filed 01/25/10   Entered 01/26/10 18:15:26   Desc
Main Document   Page 3 of 13

01/26/2010

- Notice of Removal
- Notice of Right to Cancel/Right of Rescission
- Notice of Cease and Desist
- Revised Full Reconveyance
- Actual and Constructive Notice
- Substitution of Trustee
- Homestead Declaration

7. Defendants continue to persist in their misconduct to intentionally avoid the issue of standing as that would settle the entire action. They do not produce any valid evidence of standing because they have none. They are burying Plaintiff in truckloads of off-point motions and paperwork for the improper purpose of exhausting her limited resources and wasting the court's time.

8. Plaintiff retained the services of banking industry analyst Brad Keiser, BA, MBA, from Foreclosure Defense Group ("FDG") who is currently engaged in a full Forensic Mortgage Audit of the subject loans. FDG sent by certified mail, return receipt requested another Qualified Written Request to Aurora Loan Services LLC, First Magnus Financial Group, Mortgage Electronic Registration Systems Inc., Chase Home Finance LLC and the Trustee for the First Magnus Financial Bankruptcy, Larry Littig Litigation. Plaintiff has never received any answer from Defendants or Council to any of her lawful written requests to learn who has standing to foreclose.

9. Plaintiff has in her possession newly discovered evidence such as the above mentioned Forensic Audit that clearly show numerous inaccuracies, discrepancies and outright violations of state and federal statutes such as misrepresentation, mortgage fraud, wire fraud, mail fraud, fraudulent conveyance.

10. Defendants' position is invalid because the alleged 'sale' was done without standing, the transfer of title was a fraudulent conveyance, and the recordation of an unperfected title is merely slander on the title.

11. Defendants' position is invalid because the alleged mortgage was achieved through misrepresentation and fraudulent means including wire fraud and mail fraud. Merendon Mining, First Magnus and Charter Funding conspired together to bilk homeowners out of their homes as determined by another court. See Bankruptcy Case #09-11958-AJC.

12. Plaintiff has newly discovered evidence that she wishes to present to this court. Therefore Plaintiff moves the court to set an evidentiary hearing as soon as possible.

13. Plaintiff was following Judicial direction in returning to Superior Court, preparing appropriate documents and opening case #CV2009-094179 to present newly discovered evidence and to request a temporary restraining order until the new evidence could be heard.

14. Plaintiff was granted a hearing with Judge Grant on Thursday January 7, 2010.

15. Council then moved to vacate said scheduled hearing stating that "the Stay in Ms. Christensen;s bankruptcy is in full force and effect" see Exhibit A page 2, first paragraph, lines 8 and 9 and "Plaintiff has not sought or received an Order from the Bankruptcy court to pursue this lawsuit." Defendants are speaking to this court from both sides of their mouth. Either Plaintiff was following the court's direction or she was not. Defendants are misleading the court or they are not. See Exhibit A page two, second paragraph, lines 14, 15 and 16. Plaintiff requests clarification as she is unaware of what additional 'order' she was to have received from the Bankruptcy court.

16. Plaintiff was notified by Nancy from Judge Grant's office by phone on Wednesday January 6, 2010 that due to Paul Levine being in bankruptcy Judge Grant had vacated the hearing set for January 7, 2010 based on information from Paul Levine and stated that Judge Grant would not be reviewing the complaint until July 2010 when the automatic stay would be lifted on the bankruptcy.

17. Paul Levine, one of the many attorneys for the Defendants, is NOT in bankruptcy. Plaintiff is in bankruptcy. It is unconscionable that Council obfuscated the facts and misled the court so badly.

18. This is not the first time that Council has played games in court. Council knowingly participated with their client Aurora Loan Services LLC, in the improper action of taking Ms. Christensen to Superior Court TWICE for the same forcible detainer action. On June 16, 2009 McCarthy Holthus Levine was the prosecuting law firm for Aurora Loan Services LLC. One week later on June 25, 2009 the law firm of Perry & Shapiro represented Aurora Loan Services LLC in a SECOND unlawful detainer action against Ms. Christensen. However, Paul Levine, attorney from McCarthy Holthus Levine, was the prosecuting attorney for Perry & Shapiro in said second unlawful detainer held on June 25, 2009. Defendants and their various law firms have demonstrated they are not concerned with the issues, but in executing very questionable and unethical attorney tactics against a Pro Se plaintiff.

19. It appears that Defendants and their law firms are playing both Maricopa Superior Court and The US Bankruptcy Court against each other; attempting to use one as the reason why the other should not grant a Temporary Restraining Order.

20. Based on this information, as well as other cases such as ***IN RE LEE, Bankruptcy Court, CD California*** it appears that Council is with guilty knowledge and improper purpose wasting the court's and Plaintiff's precious time and scant resources.

**WHEREFORE** Plaintiff prays for Judgment as follows, that the Court:

1. Enter an Order denying Defendant's efforts to lift the automatic stay

2. Enter an Order granting Plaintiff a Temporary Restraining Order pending the outcome of an adversarial hearing.

3. Enter an Order scheduling an evidentiary hearing as soon as possible so the court can adjudicate this matter based on newly discovered evidence.

4. Consider imposing sanctions on Council for less than honorable conduct in their dealings with the Plaintiff and with the court.

Dated: January 25, 2010

                                          Respectfully submitted,

                                          _____
Katherine Christensen, Pro Se
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885

# Exhibit A

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Michelle Paigen
Filing ID 492407
1/4/2010 3:04:21 PM

Paul M. Levine (007202)
Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ♦ Holthus ♦ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Defendant,
Aurora Loan Services LLC, McCarthy Holthus Levine LLP, Paul M. Levine, Matthew A. Silverman, Jessica R. Kenney, Quality Loan Service Corp., a California corporation.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Katherine Christensen,<br><br>Plaintiff,<br><br>vs.<br><br>Aurora Loan Services LLC, Mr. John Skoba d/b/a CFO Aurora Loan Services LLC, McCarthy Holthus Levine LLP, Paul M. Levine, Matthew A. Silverman, Jessica R. Kenney, Perry & Shapiro LLP, Christopher R. Perry, Jason P. Sherman, Quality Loan Service Corp., a California corporation, Mortgage Electronic Registration Systems Inc., Jim Montes d/b/a Vice President Mortgage Electronic Registration Systems Inc., Green River Capital, Countrywide, North American Title Agency of Arizona C/O North American Title Agency Insurance CO., Chris McBrearty, Charter Funding, First Magnus Financial, Merendon Mining, Institute for Financial Learning, Jon Does and Joan Does 1-100, ABC Corporations 1-100, and XYZ Partners 1-100<br><br>Defendants. | Case No. CV2009-094179<br><br>**NOTICE OF BANKRUPTCY AND MOTION TO VACATE HEARING SET FOR JANUARY 7, 2010 AND DISMISS COMPLAINT** |

Defendants Aurora Loan Services LLC, McCarthy Holthus Levine LLP, Paul M. Levine, Matthew A. Silverman, Jessica R. Kenney, and Quality Loan Service Corp., a California corporation ("Defendants") respectfully submit to this Court a Notice of Bankruptcy. The Plaintiff in this action is the Debtor in Bankruptcy Case number 2:09-bk-21818-RTB. The Docket of the Bankruptcy Case is attached hereto and incorporated as **Exhibit "1"**. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings regarding assets of the Bankruptcy Estate. Ms. Christensen's discharge has not been entered and no Order lifting or modifying the Automatic Stay has been entered. Therefore, the Automatic Stay in Ms. Christensen's bankruptcy is in full force and effect.

Defendant Aurora Loan Service has filed a Motion for Relief from the Automatic Stay (Unlawful Detainer). A preliminary hearing was held on Defendant's Motion for Relief from the Automatic Stay in front of the Honorable Redfield T. Baum Sr. December 16, 2009. The Honorable Redfield T. Baum Sr. granted Defendant's Motion for Relief from the Automatic Stay. However, the Order has not been signed. Further, the pending Order on Defendant's Motion for Relief only lifts the Automatic Stay as to Defendant Aurora. Plaintiff has not sought or received an Order from the Bankruptcy Court to pursue this lawsuit.

Moreover, Plaintiff has two other lawsuits pending against the various named Defendants on the same issues presented in this Complaint, specifically, CV2009-092092 and 2:09-ap-01358-RTB. Plaintiff should not be allowed to essentially Judge shop by bringing yet another Complaint against Defendants alleging the same case and controversy as is already pending in the Maricopa County Superior Court and the United States Bankruptcy Court. Conducting the Order to Show Cause hearing set for January 7, 2010 at 1:30 p.m. and further pursuing this cause of action would be a violation of the Automatic Stay. *See* 11 U.S.C. § 362.

///

///

///

///

2                                Case No. CV2009-094179

Case 2:09-ap-01358-RTB   Doc 33   Filed 01/25/10   Entered 01/26/10 18:15:26   Desc
Main Document    Page 10 of 13

01/26/2010

Therefore, the hearing set for January 7, 2010 at 1:30 p.m. must be vacated and Plaintiff's Complaint must be dismissed.

DATED: January 4, 2010

**McCarthy ♦ Holthus ♦ Levine**

By: /s/ Jessica R. Kenney
Paul A. Levine, Esq.
Matthew A. Silverman, Esq.
Jessica R. Kenney, Esq.
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

Original filed and a copy of the foregoing
this 4th day of January, 2010 to:

Clerk of the Superior Court
201 West Jefferson
Phoenix, AZ 85003-2243

Emmet J. Ronan
222 East Javelina
Mesa, AZ 85210

COPY of the foregoing mailed and entered
this 4th day of January, 2010 to:

Katherine Christensen
1134 West Grand Cayman Drive
Gilbert, AZ 85233

Charter Funding/First Magnus Financial Corporation
C/O Larry Lattig Litigation Trustee
First Magnus Litigation Trust et. al.
201 East Washington Street Suite 800
Phoenix, AZ 85004

Mr. Chris Mcbrearty d/b/a Broker
c/o Charter Funding Copr
16880 Old Survey Road
Escondido, CA 92025

| | |
|---|---|
| 1 | |
| 2 | Aurora Loan Service LLC, et.al: |
|   | Mr. John Skoba d/b/a Chief Financial Officer |
| 3 | 10350 Park Meadow Drive |
|   | Littleton, CO 80124 |
| 4 | |
| 5 | Quality Loan Services Corp. |
|   | Mortgage Electronic Registration Systems Inc., et. al. |
| 6 | Attn: Mr. Jim Montes Vice President et.al. |
|   | 2141 5th Avenue |
| 7 | San Diego, 92101 |
| 8 | |
|   | Mortgage Electronic Registration Systems Inc., et. al. |
| 9 | Attn: Chef Financial Officer et. al. |
|   | P.O. Box 2026 |
| 10 | Flint, Michigan 48501 |
| 11 | |
|   | North American Title Agency of Arizona, Inc. |
| 12 | C/O North American Title Insurance Company |
| 13 | Attn: Bernard B. Sapp, Vice President Sr. Counsel, et. al. |
|   | 7900 East Union Avenue, Suite 100 |
| 14 | Denver, VO 80237 |
| 15 | |
|   | Green River Capital |
| 16 | Attn: Mark Santiago Chef Financial Officer, et. al. |
|   | LC 2691 South Decker Lake Lane |
| 17 | West Valley, Utah 841190 |
| 18 | |
|   | Countrywide Mortgage Corp. |
| 19 | Attn: Wric P. Sieracki |
|   | d/b/a Chief Financial Officer et. al. |
| 20 | 4500 Park Granada |
| 21 | Calabasas, CA 91302 |
| 22 | Paul M. Levine |
| 23 | C/O McCarthy Holthus Levine, LLP |
|   | 3636 North Central Avenue, Suite 1050 |
| 24 | Phoenix, AZ 85012 |
| 25 | Matthew A. Silverman |
| 26 | C/O McCarthy Holthus Levine, LLP |
|   | 3636 North Central Avenue, Suite 1050 |
| 27 | Phoenix, AZ 85012 |
| 28 | |
| 29 | |

| | |
|---|---|
| 1 | Jessica R. Kenney |
| 2 | C/O McCarthy Holthus Levine, LLP<br>3636 North Central Avenue, Suite 1050 |
| 3 | Phoenix, AZ 85012 |
| 4 | Jason P. Sherman |
| 5 | C/O Perry and Shapiro LLP<br>3300 North Central Avenue Suite 2200 |
| 6 | Phoenix, AZ 85012 |
| 7 | Christopher R. Perry |
| 8 | C/O Perry and Shapiro LLP<br>3300 North Central Avenue Suite 2200 |
| 9 | Phoenix, AZ 85012 |
| 10 | |
| 11 | Meredon Mining aka Milo Brost<br>c/o Bankruptcy Trustee Marcia T. Dunn<br>POB 561507 |
| 12 | Miami, FL 33256-1507 |
| 13 | |
| 14 | Maricopa County Sheriff Department<br>Sheriff Joe Arpaio<br>100 West Washington Suite 1900 |
| 15 | Phoenix, AZ 85003 |
| 16 | |
| 17 | Institute for Financial Learning<br>Suite 314, 1212-31sr Avenue N.E. Calgary, AB Canada T2E 7S8 |
| 18 | /s/ Jessica R. Kenney |
| 19 | |

5    Case No. CV2009-094179