14

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

FILED
2010 JAN 25 PM 12:49
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Katherine Christensen, In Person<br>    Movant,<br>    Vs.<br>AURORA LOAN SERVICES LLC,<br>Mr. John Skoba d/b/a CFO AURORA<br>LOAN SERVICES LLC, MCCARTHY<br>HOLTHUS LEVINE LLP, PAUL M.<br>LEVINE, MATTHEW A. SILVERMAN,<br>JESSICA R. KENNY, PERRY &<br>SHAPIRO LLP, CHRISTOPHER R.<br>PERRY, JASON P. SHERMAN, QUALITY<br>LOAN SERVICE CORP. a California<br>corporation, JIM MONTES d/b/a/ Vice<br>President QUALITY LOAN SERVICE<br>CORP. a California corporation,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS INC., JIM<br>MONTES d/b/a/ Vice President<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS INC.,<br>GREEN RIVER CAPITAL,<br>COUNTRYWIDE, NORTH AMERICAN<br>TITLE AGENCY OF ARIZONA C/O<br>NORTH AMERICAN TITLE<br>INSURANCE CO., MARICOPA COUNTY<br>SHERIFF OFFICE, CHRIS<br>MCBREARTY, CHARTER FUNDING,<br>FIRST MAGNUS FINANCIAL,<br>INSTITUTE FOR FINANCIAL<br>LEARNING, MERENDON MINING,<br>JOHN DOES And JANE DOES 1-100,<br>ABC CORPORATIONS 1-100, and XYZ<br>PARTNERSHIPS 1-100,<br><br>    Defendants, | Case No.: 09-21818-RTB<br>Adversarial Case No. 09-ap-01358-RTB<br><br>CHAPTER 7<br><br>OBJECTION TO AND MOTION TO<br>DENY DEFENDANT'S MOTION TO<br>DISMISS ADVERSARIAL PROCEEDING<br><br>OBJECTION TO AND MOTION TO<br>DENY DEFENDANT'S MOTION TO<br>VACATE HEARING SET FOR<br>FEBRUARY 11, 2010<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Assigned to: Hon. Redfield T. Baum |

COMES NOW Katherine Christensen, herein "Movant" and/or "Plaintiff" respectfully submits this OBJECTION TO AND MOTION TO DENY DEFENDANT'S MOTION TO DISMISS ADVERSARIAL PROCEEDING; and OBJECTION TO AND MOTION TO DENY DEFENDANT'S MOTION TO VACATE HEARING SET FOR FEBRUARY 11, 2010.

Plaintiff moves the Court for entry of an Order ("Order") denying Defendant's motion to dismiss adversarial proceeding and Defendant's motion to vacate hearing set for February 11, 2010.

## STATEMENT OF FACTS

## OBJECTION TO VACATING HEARING ON FEBRUARY 11, 2010

1. Movant is disappointed that a large firm such as McCarthy Holthus Levine ("MHL") with a battery of assistants, clerks and office staff has not read the order from this court in regard to the Hearing scheduled on February 11, 2010. Said hearing is not for them. It is for a different alleged lender and a different property and a different law firm.

2. However, if MHL is now representing that law firm and/or the other alleged servicer scheduled for the hearing on February 11, 2010, then pursuant to FRCivP Rule 24(a) and 24(b) Council must apply to intervene. Otherwise Defendants and their Council are trespassers and interlopers to the hearing on February 11, 2010. Until such time as their application for intervention is granted by the court, they have no standing to ask for this hearing to be vacated.

3. If Defendants and their Council persist on disregarding the Rules of Procedure and merely bully their way into a hearing where they are not authorized to participate, then Plaintiff recommends this court apply sanctions.

OBJECTION ALSO AVER-DISMISS & VACATE Page 2 of 8
Case 2:09-ap-01338-RTB Doc 34 Filed 01/25/10 Entered 01/26/10 18:53:44 Desc
Main Document Page 2 of 14

01/26/2010

## OBJECTION TO COUNCIL WASTING THE COURT'S TIME

4. Council is attempting to waste the court's time with their attempts to sidestep the facts of the very serious complaints by drawing the court's attention to the one motion that Plaintiff wrote without numbering her paragraphs.

5. Defendants have failed to provide any answers to the numerous lawful qualified questions presented, failed to respond to any of the three (3) Qualified Written Requests, failed to provide any proof of standing to commence foreclosure action, failed to file a Notice of Appearance with this Court and failed to file a B10 Claim Form. This is attorney misconduct.

## OBJECTION TO MOTION TO DISMISS ADVERSARIAL PROCEEDING

6. Council for Defendants request dismissal of Plaintiff's Adversarial Proceeding alleging violation of Rule 12(b)(1) lack of subject matter jurisdiction. Defendants have wrongfully foreclosed on Plaintiff's home. Plaintiff is in possession of newly discovered evidence which has been described to this court in the Supplemental Complaints and other documents.

7. Council for Defendants request dismissal of Plaintiff's Adversarial Proceeding alleging violation of Rule 12(b)(5) insufficient service of process. As per Rule 1002(a) Commencement of Case and the directions printed on the summons Plaintiff received from this court, it was served correctly.

8. Council for Defendants request dismissal of Plaintiff's Adversarial Proceeding alleging violations of Rule 12(b)(6) failure to state a claim upon which relief can be granted. Plaintiff does not intend to drown this court in more paperwork, restating what has already been stated and incorporates her previous objections by reference. Plaintiff refers Council back to the many documents which have already been submitted and made part of the record.

9. Council for Defendants remind this court that they cannot answer a hypothetical legal question. This is confusing because no hypothetical questions have been asked. Defendants

OBJECTION-ALS-ADVER-DISMISS & VACATE  Page 3 of 8
Case 2:09-ap-01358-RTB    Doc 34    Filed 01/25/10    Entered 01/26/10 18:33:44    Desc
Main Document    Page 3 of 14

01/26/2010

wrongfully, illegally, with no standing foreclosed on Plaintiff's home. Plaintiff is asking one simple question, provide proof of standing. But Council cannot produce this evidence hence their obsession to misdirect the court's time and resources away from the issues at hand.

10. Council for Defendants state the Plaintiff "must have legal standing to ask the court for a decision." Plaintiff can only ponder as to Defendants forgetfulness as she has been the owner of subject property for many years and it is the Defendants who have never provided proof of any legal standing to foreclose.

11. Council for Defendants state that Plaintiff must have been aggrieved, or legally harmed in some way by the Defendant. Plaintiff has had her home illegally, improperly, wrongfully stolen by Defendants. Plaintiff has been forced into bankruptcy due to the fraud, misrepresentation and conspiracy of the alleged lender and the bogus mining investment. Plaintiff has been aggrieved, and legally harmed by the Defendants and their Council. Council is well aware that their clients do not hold the genuine original note and they may very well not know who holds the genuine original note to Plaintiff's home. As per Rule 9011 they must come forward to the court with this information. They have already been sanctioned once before for violation of Rule 9011.

12. Council for Defendants state that the court must be authorized under the Constitution or a federal law to hear the case and grant relief to the plaintiff.

    A) Defendants have been involved in inter-state commerce and found by other courts in other jurisdictions to have committed so many violations of federal and state law that it may well rise to a criminal conspiracy under the criminal statutes. The court docket is available to Defendants and their Council to review. Other violations include but are not limited to; mail fraud, mortgage fraud, wire fraud, securities fraud, fraudulent misrepresentation, breach of agreement, Violation of Arizona Consumer Fraud Act 15 U.S.C.

OBJECTION ALSO AVER DISMISS & VACATE  Page 4 of 8
Case 2:09-ap-01338-RTB  Doc 34  Filed 01/25/10  Entered 01/26/10 18:33:44  Desc
Main Document    Page 4 of 14
01/26/2010

§ 1601 et.seq , Violation of Truth in Lending Act, Unlawful Conversion, Negligence, Deceptive and/or Negligent Lending, various Scienter Acts, Wrongful Foreclosure, Accounting Breach of Fiduciary Duty, Unjust Enrichment, Specific Performance, Violation of the Fair Debt Collections Practices Act, Violation of Arizona Assignment and Satisfaction of Mortgage Law and invalid Deed of Trust Law § 33-420 et.seq, Intentional Infliction of Emotional Distress, Fraud-Mispresentation and Conspiracy, Conversion/Civil Theft, Violation of the Uniform Commercial Code as defined in A.R.S. § 47-3100 et.seq , and Arizona's Recording Statute, Violation of Home Ownership and Equity Protection Act, etc.. It's clear that Defendant's Council is spending their time trying to steer the court off track chasing red herrings.

B) The Supreme Court held in ***Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 US 50 - Supreme Court 1982*** that;

> "*The judges of the **bankruptcy** courts are vested with all of the 'powers of a court of equity, law, and admiralty,' except that they 'may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment.'*"
> ID 458 US 50, 55 (1982)

C) This Motion is a dead center core proceeding because Defendants had/have no legal standing to begin foreclosure action. Defendants have been asked repeatedly through lawful Qualified Written Requests to prove their standing. They have ignored every request and wrongfully, illegally foreclosed, and, with an insider transaction fraudulently conveyed the title. This is why we are in court. To offer them another opportunity to bring forth their evidence of their proof of standing.

13. Council for Defendants state that the case cannot be 'moot', that is, it must present an ongoing problem for the court to resolve. Again Plaintiff refers Council back to the Complaints and other documents that have been filed into the record. This country is in financial crisis because these foreclosure-mills have been foreclosing on hundreds of thousands of homes without standing to do so.

14. Council does not specify which Adversarial proceeding they would like to dismiss. The court is asked to compel clarity, if that is possible, on what exactly Defendant's attorneys are attempting to do other than address the issues presented in the case at bar.

## OBJECTION TO PLAYING ONE COURT AGAINST THE OTHER BY COUNCIL

15. Council for Defendants state that this is a case that should be litigated in Maricopa County Superior Court. If that is true then they must stop playing one court against the other. Plaintiff was following Judicial direction in returning to Superior Court, preparing appropriate documents and opening case #CV2009-094179 to present newly discovered evidence and to request a temporary restraining order until the new evidence could be heard.

16. Plaintiff was granted a hearing with Judge Grant on Thursday January 7, 2010.

17. Council then moved to vacate said scheduled hearing stating that "the Stay in Ms. Christensen;s bankruptcy is in full force and effect" see Exhibit A page 2, first paragraph, lines 8 and 9 and "Plaintiff has not sought or received an Order from the Bankruptcy court to pursue this lawsuit." See Exhibit A page two, second paragraph, lines 14, 15 and 16. Plaintiff requests clarification as she is unaware of what additional 'order' she was to have received from the Bankruptcy court.

18. Plaintiff was notified by Nancy from Judge Grant's office by phone on Wednesday January 6, 2010 that due to Paul Levine being in bankruptcy Judge Grant had vacated the hearing set for January 7, 2010 based on information from Paul Levine and stated that Judge Grant would

not be reviewing the complaint until July 2010 when the automatic stay would be lifted on the bankruptcy.

19. Paul Levine, one of the many attorneys for the Defendants, is NOT in bankruptcy. Plaintiff is in bankruptcy. It is unconscionable that Council obfuscated the facts and misled the court so badly.

20. This is not the first time that Council has played games in court. Council knowingly participated with their client Aurora Loan Services LLC, in the improper action of taking Ms. Christensen to Superior Court TWICE for the same forcible detainer action; first on June 16, 2009 with McCarthy Holthus Levine, and then one week later on June 25, 2009 with the law firm of Perry & Shapiro. Paul Levine, attorney from McCarthy Holthus Levine, was the prosecuting attorney for Perry & Shapiro in said second unlawful detainer held on June 25, 2009. Defendants and their various law firms have demonstrated they are not concerned with the issues, but in executing very questionable and unethical attorney tactics against a Pro Se plaintiff.

21. Based on this information, as well as other cases such as ***IN RE LEE, Bankruptcy Court, CD California*** it appears that Council is with knowledge and purpose wasting the court's and Plaintiff's time and scant resources.

**WHEREFORE** Plaintiff respectfully moves the Court to:

    1. Enter an Order denying Defendant's/stranger's motion to vacate hearing scheduled February 11, 2010.

    2. Enter an Order denying Defendant's motion to dismiss adversarial proceeding.

    3. Enter an Order compelling Defendants to clarify what order Plaintiff is to have received from the bankruptcy court directing her to file in Superior Court.

OBJECTION ALS-ANSWER-DISMISS & VACATE
Case 2:09-ap-01338-RTB  Doc 34  Filed 01/25/10  Entered 01/26/10 18:33:44  Desc
Main Document    Page 7 of 14

01/26/2010

4. Enter an Order setting a date for an evidentiary hearing as soon as possible for adversarial proceeding Case #09-01358.

5. Consider sanctions against Defendant's attorneys as there appears to be a continuing and persistent course of improper conduct as determined by at least one other court.

RESPECTFULLY SUBMITTED this 25th Day of January 2010.

_____
Katherine Christensen, Pro Se
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885

# Exhibit A

Paul M. Levine (007202)
Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Defendant,
Aurora Loan Services LLC, McCarthy Holthus Levine LLP, Paul M. Levine, Matthew A. Silverman, Jessica R. Kenney, Quality Loan Service Corp., a California corporation.

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Katherine Christensen,<br><br>    Plaintiff,<br><br>vs.<br><br>Aurora Loan Services LLC, Mr. John Skoba d/b/a CFO Aurora Loan Services LLC, McCarthy Holthus Levine LLP, Paul M. Levine, Matthew A. Silverman, Jessica R. Kenney, Perry & Shapiro LLP, Christopher R. Perry, Jason P. Sherman, Quality Loan Service Corp., a California corporation, Mortgage Electronic Registration Systems Inc., Jim Montes d/b/a Vice President Mortgage Electronic Registration Systems Inc., Green River Capital, Countrywide, North American Title Agency of Arizona C/O North American Title Agency Insurance CO., Chris McBrearty, Charter Funding, First Magnus Financial, Merendon Mining, Institute for Financial Learning, Jon Does and Joan Does 1-100, ABC Corporations 1-100, and XYZ Partners 1-100<br><br>    Defendants. | Case No. CV2009-094179<br><br>**NOTICE OF BANKRUPTCY AND MOTION TO VACATE HEARING SET FOR JANUARY 7, 2010 AND DISMISS COMPLAINT** |

Defendants Aurora Loan Services LLC, McCarthy Holthus Levine LLP, Paul M. Levine, Matthew A. Silverman, Jessica R. Kenney, and Quality Loan Service Corp., a California corporation ("Defendants") respectfully submit to this Court a Notice of Bankruptcy. The Plaintiff in this action is the Debtor in Bankruptcy Case number 2:09-bk-21818-RTB. The Docket of the Bankruptcy Case is attached hereto and incorporated as **Exhibit "1"**. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings regarding assets of the Bankruptcy Estate. Ms. Christensen's discharge has not been entered and no Order lifting or modifying the Automatic Stay has been entered. Therefore, the Automatic Stay in Ms. Christensen's bankruptcy is in full force and effect.

Defendant Aurora Loan Service has filed a Motion for Relief from the Automatic Stay (Unlawful Detainer). A preliminary hearing was held on Defendant's Motion for Relief from the Automatic Stay in front of the Honorable Redfield T. Baum Sr. December 16, 2009. The Honorable Redfield T. Baum Sr. granted Defendant's Motion for Relief from the Automatic Stay. However, the Order has not been signed. Further, the pending Order on Defendant's Motion for Relief only lifts the Automatic Stay as to Defendant Aurora. Plaintiff has not sought or received an Order from the Bankruptcy Court to pursue this lawsuit.

Moreover, Plaintiff has two other lawsuits pending against the various named Defendants on the same issues presented in this Complaint, specifically, CV2009-092092 and 2:09-ap-01358-RTB. Plaintiff should not be allowed to essentially Judge shop by bringing yet another Complaint against Defendants alleging the same case and controversy as is already pending in the Maricopa County Superior Court and the United States Bankruptcy Court. Conducting the Order to Show Cause hearing set for January 7, 2010 at 1:30 p.m. and further pursuing this cause of action would be a violation of the Automatic Stay. *See* 11 U.S.C. § 362.

///
///
///
///

1     Therefore, the hearing set for January 7, 2010 at 1:30 p.m. must be vacated and
2 Plaintiff's Complaint must be dismissed.
3     DATED: January 4, 2010

**McCarthy ♦ Holthus ♦ Levine**

By: /s/ Jessica R. Kenney
Paul A. Levine, Esq.
Matthew A. Silverman, Esq.
Jessica R. Kenney, Esq.
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

Original filed and a copy of the foregoing
this 4th day of January, 2010 to:

Clerk of the Superior Court
201 West Jefferson
Phoenix, AZ 85003-2243

Emmet J. Ronan
222 East Javelina
Mesa, AZ 85210

COPY of the foregoing mailed and entered
this 4th day of January, 2010 to:

Katherine Christensen
1134 West Grand Cayman Drive
Gilbert, AZ 85233

Charter Funding/First Magnus Financial Corporation
C/O Larry Lattig Litigation Trustee
First Magnus Litigation Trust et. al.
201 East Washington Street Suite 800
Phoenix, AZ 85004

Mr. Chris Mcbrearty d/b/a Broker
c/o Charter Funding Copr
16880 Old Survey Road
Escondido, CA 92025

| | |
|---|---|
| 1 | |
| 2 | Aurora Loan Service LLC, et.al: |
|   | Mr. John Skoba d/b/a Chief Financial Officer |
| 3 | 10350 Park Meadow Drive |
|   | Littleton, CO 80124 |
| 4 | |
| 5 | Quality Loan Services Corp. |
|   | Mortgage Electronic Registration Systems Inc., et. al. |
| 6 | Attn: Mr. Jim Montes Vice President et.al. |
|   | 2141 5th Avenue |
| 7 | San Diego, 92101 |
| 8 | |
|   | Mortgage Electronic Registration Systems Inc., et. al. |
| 9 | Attn: Chef Financial Officer et. al. |
| 10 | P.O. Box 2026 |
|   | Flint, Michigan 48501 |
| 11 | |
| 12 | North American Title Agency of Arizona, Inc. |
|   | C/O North American Title Insurance Company |
| 13 | Attn: Bernard B. Sapp, Vice President Sr. Counsel, et. al. |
|   | 7900 East Union Avenue, Suite 100 |
| 14 | Denver, VO 80237 |
| 15 | |
|   | Green River Capital |
| 16 | Attn: Mark Santiago Chef Financial Officer, et. al. |
|   | LC 2691 South Decker Lake Lane |
| 17 | West Valley, Utah 841190 |
| 18 | |
|   | Countrywide Mortgage Corp. |
| 19 | Attn: Wric P. Sieracki |
|   | d/b/a Chief Financial Officer et. al. |
| 20 | 4500 Park Granada |
| 21 | Calabasas, CA 91302 |
| 22 | Paul M. Levine |
|   | C/O McCarthy Holthus Levine, LLP |
| 23 | 3636 North Central Avenue, Suite 1050 |
| 24 | Phoenix, AZ 85012 |
| 25 | |
|   | Matthew A. Silverman |
| 26 | C/O McCarthy Holthus Levine, LLP |
|   | 3636 North Central Avenue, Suite 1050 |
| 27 | Phoenix, AZ 85012 |
| 28 | |
| 29 | |

```
 1  Jessica R. Kenney
    C/O McCarthy Holthus Levine, LLP
 2  3636 North Central Avenue, Suite 1050
 3  Phoenix, AZ 85012

 4  Jason P. Sherman
    C/O Perry and Shapiro LLP
 5  3300 North Central Avenue Suite 2200
 6  Phoenix, AZ 85012

 7  Christopher R. Perry
    C/O Perry and Shapiro LLP
 8  3300 North Central Avenue Suite 2200
 9  Phoenix, AZ 85012

10
    Meredon Mining aka Milo Brost
11  c/o Bankruptcy Trustee Marcia T. Dunn
    POB 561507
12  Miami, FL 33256-1507

13
    Maricopa County Sheriff Department
14  Sheriff Joe Arpaio
    100 West Washington Suite 1900
15  Phoenix, AZ 85003

16
    Institute for Financial Learning
17  Suite 314, 1212-31sr Avenue N.E. Calgary, AB Canada T2E 7S8

18  /s/ Jessica R. Kenney
19
20
21
22
23
24
25
26
27
28
29
```